————o————

## No. 6254.

## NATIONAL SASH & DOOR COMPANY vs. JAMES A. GAZIN.

### Syllabus.

The pledgor while chargeable with the expenses incurred in the preservation of the pledge is entitled to an accounting of its fruits and revenues. And this he may demand when the pledgee seeks to judicially enforce the pledge. *R. C. C.* 3167, 3168.

This principle is applied herein to the case of a pledge of a mule.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 104,477. Honorable F. D. King, Judge.

Merrick, Lewis, Gensler & Schwarz, for plaintiff and appellant.

— 140 —

George Montgomery, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sues on a certain promissory note of defendant dated May 4, 1911, and aggregating in principal the sum of $350.00, the payment of which is secured by the pledge of a mule which defendant delivered into plaintiff's keeping and possession. Defendant claims that his indebtedness upon the notes has been compensated and paid by the amount plaintiff owes and should credit him with for the use it has made of the mule while in its possession, up to the time of suit, a period of about 114 weeks.

Plaintiff having made use of the mule in the conduct of its business, is undoubtedly accountable to defendant for the value of such use, that is, for the fruits and revenues of the pledged property; and on the other hand, defendant is chargeable with the expenses incurred for the keep of the mule, that is, the costs incidental to the preservation of the thing pledged. R. 'C. C., 3167, 3168.

Defendant contends that the mule was used daily but has adduced no testimony to that effect. On the other hand, since plaintiff admits the use of the mule, it was its duty to account to defendant for the use it made of it; and this obligation has not been fulfilled by producing a witness who, without specification as to date or circumstance, testifies that the mule was never used daily and sometimes was used but two or three times a week.

The evidence should, therefore, be construed most favorably to defendant and we feel justified in holding that the mule was used say five days out of each six working days of the week, for which use, according to the evidence, defendant is entitled to charge $1.50 per day or $7.50 a week. From this, however, must be deducted the

— 141 —

expense of feeding, fixed at $3.50 a week, and this will leave a net charge against plaintiff of $4.00 a week, or a total of $456.00 for the entire period of 114 weeks. This amount corresponds substantially not only with that claimed by defendant in its answer but also with the sum of plaintiff's claim upon the notes at time of suit in principal, interest and attorney's fees.

Plaintiff's claim is consequently fully compensated by the fruits and revenues of the pledged property, possession of which defendant is entitled to receive, since the debt which it secures has been paid.

The evidence indicates that the mule has been infrequently used since the filing of the suit; and that apparently the amount which defendant might be entitled to charge for its use would be offset by the cost of its feed and keep. It is therefore unnecessary to reserve defendant's rights on this score, particularly since he himself alleges that the mule has greatly deteriorated and is now practically worthless.

The judgment is accordingly amended and to that end it is recast so as to read as follows: It is decreed that plaintiff's claim upon the notes herein sued upon, in principal, interest and attorney's fees be and is hereby adjudged compensated and paid by defendant's claim in reconvention for the use of the pledged property, and that defendant is entitled to the immediate possession as owner of the mule pledged and presently in plaintiff's possession. It is further ordered that plaintiff pay the costs of the trial Court and defendant those of the appeal.

Amended.

Opinion and decree, December 21, 1914.